UTLEY v. RAILROAD.

(*Nashville.* · January 12, 1901.)

PLEADING AND PRACTICE.   *Issue narrowed by statement of parties.*

Where, on the trial in the Circuit Court of an appealed case, commenced by Justice's warrant describing the cause of action in general terms as "a plea of debt due by damages," the parties, in response to an inquiry of the Court, make statement of the matter in controversy, the plaintiff stating that he sued for the wrongful killing of a horse by the defendant's moving train, and the defendant stating that its defense was that it had observed all statutory precautions, all facts not put in issue by this statement will be treated as admitted, and the plaintiff is entitled to recover, if defendant fails to prove its defense, without other proof than that of value of the animal.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.   J. W. BONNER, J.

PARDUE & BASS for Utley.

SMITH & MADDIN for Railroad.

WILKES, J.   This is an action commenced before a Justice of the Peace.   The warrant states the cause of action as follows: "To answer the

complaint of Lem Utley in a plea of debt due by damages" (killing a horse).

In the Circuit Court, on appeal, the cause was heard before the Court and a jury, and at the close of plaintiff's evidence it was demurred to, and issue was joined on the demurrer, and it was sustained and suit dismissed, and the plaintiff has appealed and assigned errors.

The bill of exceptions states that after the jury had been regularly impaneled and sworn to try the matters in controversy, the plaintiff, in response to an inquiry by the Court, said in the presence of the Court and jury that his cause of action was for the wrongful killing of plaintiff's horse by one of defendant's moving trains.

Thereupon attorney for defendant, in response to an inquiry from the Court, stated that his defense was, that defendant had observed the precautions required by the statute. The plaintiff then introduced two witnesses who testified to substantially the same facts, as follows: That plaintiff lived at Goodlettsville, Tennessee, about 600 feet from the depot, at a place where the public road crosses the railroad. This public road is a turnpike going from Goodlettsville to Gallatin. It crosses the railroad track running north and south; that plaintiff lives on the west side of the railroad and on the north side of the turnpike. One of the side tracks comes down to within a short distance of the turnpike crossing; that

plaintiff was absent from home when his horse was killed, but on his return found him lying dead in a field just south of the turnpike crossing, and on the east side of the track; that the horse was killed December 18, 1898.

There is a cattle guard at the south side of the turnpike, where the railroad crosses it, and the horse was found dead beyond this cattle guard. The horse was worth $70. Plaintiff did not see the accident, nor know of it until he returned home. He turned the horse out to graze that morning. Plaintiff was in the habit of turning his horses out on the commons when not in use. The stable is just back of the house, and towards the depot. The horse was fifty or sixty feet from the fence, and south of the turnpike, and a few feet from the railroad track, lying in the ditch.

Mr. Reed, the section foreman, went with plaintiff to see the horse. Isaac Drake and plaintiff's brother, John Utley, also saw him.

Plaintiff told Mr. Reed, the section foreman, that in order to settle the matter he could report the horse as worth $45 to the company. He agreed to Mr. Reed's valuation, thinking he would get his money right away, without any trouble. Horse was fifteen hands high, gentle, sound, and all right. In substance, this was all the evidence.

It is insisted on the part of the defendant, railroad company, that this evidence does not make out a case of liability on the part of the rail-

road company, in other words, that the evidence does not go far enough; that the plaintiff's proof fails to show how the horse was killed, or the nature of his injuries, if he had any, or that it was the defendant's railroad that passed by the place of the killing, or that any trains passed over it, or that the horse was struck by the train; that it is not shown that the track was unfenced where the horse was killed, or where it may have entered on the track; that the proof does not show that Reed, the section foreman, who valued the horse, was foreman of defendant's road.

It is insisted on the plaintiff's part that the controverted questions in the case were narrowed, by the statements of counsel, to the simple question presented by the defendant's statement. In other words, that when the plaintiff said his cause of action was the wrongful killing of plaintiff's horse by one of defendant's moving trains, and the defendant replied that its defense was that it had observed all statutory precautions, it was an admission on the defendant's part that one if its moving trains had killed the plaintiff's horse, and the only matter in issue left was whether the killing was wrongful, and this defendant denied by stating that it had observed the statutory precautions. The insistence is, that the case having originated before a Justice of the Peace, where there were no formal pleadings, the agreement

became a substitute for and stood in the place of such pleadings, and subject to the rules governing pleadings in other cases; that plaintiff's statement was his declaration, and defendant's counter statement was his plea. Under such circumstances, and in such cases, the provisions of the Code, § 4631, it is insisted, apply that all allegations in the declaration not denied in the plea shall be taken as true for all the purposes of that issue, and the familiar doctrine applies, as in pleadings in other law cases, that what is alleged in the declaration, and not denied by the plea, is conceded to be true. There is no statutory provision to the effect that in cases appealed from a Justice of the Peace, on hearing in the Circuit Court the trial Judge may compel the parties to state their contention, but it is certainly an excellent practice, and where the requests are assented to by both parties the cause will be treated as submitted on the issues made by the statements. It is helpful alike to the Court, the jury, the attorneys and litigants that the issues shall be thus stated, in order that the scope and extent of the controversy may be known and announced, and the evidence limited to matters which are in dispute.

The statements having been made, the controverted facts must be treated as being embraced in and bounded by the limits of the statements, and

it is wholly unnecessary to introduce evidence be-
yond the facts which are controverted.

It is said by counsel for defendant that neither
Court nor counsel considered the statements as
constituting pleadings in the case, and subject to
the rules of pleading, and that this is evidenced
by the fact that the plaintiff, notwithstanding the
statements, proceeded to introduce evidence on many
features that were conceded by the statement of
defense, treating it as a pleading. It is true
that some evidence in this case was introduced by
the plaintiff, which was wholly unnecessary, but
if this be conceded, it does not vary the rule,
but the unnecessary evidence may be treated as
immaterial.

Indeed, on the part of plaintiff there was but
little, if any, necessity for introducing any proof
except as to value. The ownership was not denied,
and must be considered as conceded. The killing
by defendant's train was not denied, and must
be treated as admitted, and by the shape of the
defendant's statement it must be inferred that under
the circumstances of the killing it was necessary
to observe some statutory precautions, and that
they were observed is alleged as an excuse for
the killing, and a reason why no liability should
attach.

To allow a different holding of the case would
operate as a surprise and hardship on the plain-
tiff. The cause has been heard in this Court at

a former term, when the facts were fully developed, and the cause was reversed and remanded for an error in the charge of the Court. It is evident that upon this latter trial the plaintiff did not attempt to fully develop and present the facts in the cause, and this was evidently upon the impression that the issues had been narrowed down and confined to the matters presented by the statements of counsel.

We are of opinion that in this view of the case the Court below was in error in sustaining the demurrer, there being sufficient evidence to fix a liability on the road and no proof that any statutory precautions were observed which would relieve the defendant therefrom, and that being, in our opinion, the only matter of controversy left open by the statements, the judgment of the Court below must be reversed, and the cause remanded for an assignment of damages on the evidence, unless the parties shall agree upon the same, and in that event final judgment will be rendered here.

The defendant will pay all costs.