MANES *v.* HINES & MCNAIR HOTELS, INC.

(Two cases)

(*Knoxville,* September Term, 1946.)

Opinion filed November 30, 1946.

WILBUR W. PIPER and W. C. LOWERY, both of Knoxville, for plaintiffs in error.

JOEL H. ANDERON and AYERS & PARKEY, all of Knoxville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Suit was brought to recover damages for personal injuries sustained by Mrs. Ella Manes. Her husband also instituted a suit for medical expenses and loss of service. The cases were tried together. Mrs. Manes suffered injuries by falling on a slippery floor in the hallway on the fourth floor of the Watauga Hotel operated by defendants, which is located on the corner of Gay Street and Magnolia Avenue in the city of Knoxville. The circuit judge sustained a motion for a directed verdict at the close of the plaintiff's proof on the ground that Mrs. Manes was guilty of contributory negligence, she having knowledge of the slippery condition of the floor.

At the time Mrs. Manes received her injuries the Watauga Hotel was being operated by the defendants as an apartment hotel. Rooms were rented without maid service and the tenants were permitted to do a certain amount of cooking in their rooms, and the plaintiffs were at liberty to do their cooking in their room. Mr. and Mrs. Manes had occupied rooms in this apartment building for about three years, and for about twelve months preceding the injuries to Mrs. Manes they had occupied a room on the fourth floor for which they paid a monthly rental of $12.

There was a rubber runner extending the length of the hallway leading to and from the rooms on the fourth floor and passing immediately in front of the door of the room occupied by Mr. and Mrs. Manes. The hallway was substantially 9 feet in width and the rubber mat or runner down the center of the hallway was 3 feet in width, so that there was floor space on each side of this runner of 3 feet. About 4 feet from the door of the Manes room and between the runner and the baseboard there was a wet spot on the floor caused by water dripping from an overhead hot water pipe. This wet spot was about 6 inches

in diameter and somewhat oval in shape, and at times about 18 inches in length and extending over one or more of 3-inch floor boards. The tenants on the fourth floor appear to have been thoroughly familiar with this condition.

Mrs. Manes testified on cross-examination as follows:

"Q. You knew about the wet place? A. Yes sir.

"Q. And you had passed by that spot day after day and sometimes three or four times a day? A. Yes sir."

On November 3, 1943, Mrs. Manes came out of her room with a Mrs. Page intending to go shopping. Mrs. Page came out of the room first and Mrs. Manes followed and closed the door, and after taking two or three steps, she slipped on account of stepping on the wet spot in the floor and fell, suffering a broken hip. At the time of the injury Mrs. Manes was sixty-five years of age. The fourth floor of the apartment hotel is reached by means of an elevator, and Mrs. Manes was on her way to the elevator at the time of her fall.

The negligence alleged in the declaration was (1) that defendants permitted the water piping to become and remain worn and defective and to exude moisture and water therefrom so that the same dripped to the floor of the hallway near the doorway of the plaintiffs; (2) that the water upon the floor caused the same to become wet and mildewed and the floor to become slippery; and (3) that defendants negligently caused the wooden floor at this point to be oiled by repeated applications of oil to the floor by mops and other utensils, so that the floor was rendered more slippery than ever.

■ The Court of Appeals reversed the judgment of the trial court, holding that the question of contributory negligence was one for the jury. The petition for *certiorari* has been granted and argument heard. Both

plaintiffs and defendants concede that the relationship of landlord and tenant existed at the time rather than the relationship of innkeeper and guest.

(2) It was the duty of Mrs. Manes to exercise ordinary care to avoid injury and to make reasonable use of her faculties to avoid danger; and if she used an unsafe way when there was a safe way for her to travel down the hallway, she would be guilty of want of ordinary care. *Memphis Street Railway Co.* v. *Roe*, 118 Tenn. 601, 102 S. W. 343; *Worsham*.v. *Dempster*, 148 Tenn. 267, 255 S. W. 52.

In *Willcox* v. *Hines*, 100 Tenn. 538, 46 S. W. 297, 41 L. R. A. 278, 66 Am. St. Rep. 770, the first and second syllabuses are as follows:

"A landlord is liable to his tenant, on the ground of negligence, not of contract, for an injury resulting from unsafe or dangerous condition of the leased premises existing at date of lease, if the landlord, by the exercise of reasonable care and diligence, should have known, and *a fortiori* if he had actual knowledge of such condition of the premises, provided the tenant had not, at the date of the accident, knowledge, or could not, by the exercise of reasonable care and diligence, have had knowledge of such condition of the premises.

"The same degree of care and diligence, to wit: ordinary care and diligence, is required of both landlord and tenant, in such case, to know or discover the condition of the leased premises, though the landlord, by reason of his superior advantages, may be held to a fuller and more accurate knowledge than the tenant."

In *American Tobacco Co.* v. *Adams*, 137 Ky. 414, 125 S. W. 1067, it was held that there could be no recovery by an employee of the Tobacco Company injured while trucking a load of tobacco to its warehouse based upon the mere fact that the roof had leaked and the rain had

covered a certain area of the floor over which he had traveled where a similar condition had prevailed several times before to his knowledge, and at the time in question he was clearly able to see and appreciate any danger which might arise from the condition.

■ ■ There is no contention that Mrs. Manes could recover because her attention was distracted by talking with Mrs. Page. We think no such contention could be sustained under our authorities.

In the case of *City of Knoxville* v. *Cox*, 103 Tenn. 368, 372, 53 S. W. 734, 736, the Court quoted approvingly from Beach on Contributory Negligence, p. 40, 2d Ed., p. 49, as follows: "Where one knowing the danger temporarily forgets it, and in consequence suffers, his forgetfulness will not avail him as an excuse. What he knows he must remember, at his peril, and not to remember is contributory negligence if it occasions the injury."

In *Standard Knitting Mills* v. *Hickman*, 133 Tenn. 43, 46, 179 S. W. 385, 386, the Court said:

"In our opinion the trial judge and that court should have sustained the motion for such peremptory instructions, on the ground that the danger was so simple and obvious as that the employe could, at a glance, observe and comprehend for herself, and so obvious as that it was not incumbent on the employer to give her warning. Plaintiff knew that the floors were cleaned by mopping them with soapy water at intervals, and also the direction the colored woman took, in doing so, as the latter passed the machine in question."

Again, at page 48 of 133 Tenn., at page 387 of 179 S. W., the Court further said:

"In *Hattaway* v. *Atlanta Steel, etc., Co.*, 155 Ind. 507, 58 N. E. 718, a floor was made slippery by oil being spilled thereon, over which sawdust was thrown to ab-

sorb the oil, and the plaintiff knew of the practice. Plaintiff was injured by slipping thereon while using the floor in the prosecution of his work; but the court held the employer not liable, on the ground that the condition was fully exposed to view and the risk an obvious one.''

In *Bonawitt* v. *Sisters of Charity of St. Vincent's Hospital,* 43 Ohio App. 347, 182 N. E. 661, it was held as a matter of law that there could be no recovery by a visitor to a hospital for injuries sustained in slipping on the linoleum covered floor or corridor thereof where nothing more appeared than that it was slippery and smooth by reason of having been waxed and polished, such a condition evidencing no violation of duty on the part of the hospital to exercise necessary care for the safety of those who had occasion to walk on the floor.

The proof shows without contradiction that Mrs. Manes knew about this water dripping and standing on the floor. She testified that she knew it had existed over a period of many months, and that she used this hallway where this water was standing several times each day. We are of opinion that the conclusion is irresistible that her contributory negligence bars her recovery as a matter of law.

The judgment of the Court of Appeals is reversed and that of the trial court affirmed.