# JOHN L. BRINKLEY, d/b/a BRINKLEY CONSTRUCTION COMPANY, and JONES-ROBERTSON, INC. v. EARL GALLAHAR.—359 S.W. (2d) 857.

Eastern Section. March 27, 1962.

Certiorari Denied by Supreme Court September 7, 1962.

130

Anderson, Meacham & Collins, Chattanooga, for plaintiff in error John L. Brinkley, d/b/a Brinkley Construction Co.

Campbell & Campbell, Chattanooga, for plaintiff in error, Jones-Robertson, Inc.

Richard Winningham, William Roper, Chattanooga, for defendant in error.

COOPER, J. This suit was filed by Earl Gallahar against John L. Brinkley, doing business as the Brinkley Construction Company, and his sub-contractor, Jones-Robertson, Inc., to recover damages for personal injuries and property damage sustained in an automobile accident which occurred about 8:30 P.M. on December 8, 1957 on State Highway 58 near the entrance to Murray Hills in Hamilton County, Tennessee.

The defendant Brinkley contracted with the Highway Department of the State of Tennessee to do the grading, drainage, and bridge work incidental to new construction on that portion of Highway 58 extending between the entrance to Murray Hills and State Highway 2A, a distance of approximately 3,000 feet. Brinkley subcontracted the concrete work involved in the project to the defendant Jones-Robertson, Inc.

Among other things done under the contract with the State was the adding of a northbound lane 24 feet wide, making Highway 58 a four-lane divided highway for the

approximate length of the construction project. The new lane and the old highway joined just south of the entrance to Murray Hills, and from that point north, Highway 58 was a two lane highway. At or near this point on the highway, Jones-Robertson, Inc. constructed a barricade 5½ feet high and 84 feet long at an angle across the old section of Highway 58 in order to channel south bound **traffic into the newly** constructed section of the highway to by-pass the bridge being constructed by Jones-Robertson, Inc. This barricade was lighted by 3 flambeaux. Saw-horses carrying flashing lights were placed in a "staggered" fashion north of the large barricade. Some 600 feet from the beginning of construction, the defendant Brinkley erected a large sign carrying the legend "road under construction", and a smaller sign saying "detour" was erected some 300 feet from the beginning of construction. These signs were on the shoulder of the highway and were to be lighted by flambeaux.

On the night of the accident, the plaintiff, who was driving his automobile in a southerly direction on Highway 58, struck the saw-horse barricade. After striking the barricade, the plaintiff's automobile went over a steep embankment and came to rest about 80 feet from the point of impact.

In his declaration, the plaintiff charged, in substance, that the accident and his resultant injuries and damages were caused by the negligence of the defendants (1) in creating a dangerous condition on the highway by spilling quantities of dirt and mud on the highway so that it was slippery when wet; (2) in failing to properly light the barricades; and (3) in failing to provide suitable lighted signs giving warning of the hazard caused by the barri-

cades and the mud on the highway. The plaintiff also charged that the defendants were guilty of negligence in that they violated T. C. A. sec. 54-925, relative to obstructing a public highway.

The defendants filed special pleas denying the various charges of the plaintiffs, and averring that the accident was proximately caused by the negligence of the plaintiff. The specific acts of negligence charged to the plaintiff, as set out in the special pleas of the defendant Jones-Robertson, Inc., were (1) that the plaintiff failed to keep a proper lookout ahead, and failed to slow his automobile when he saw or should have seen the situation existing in the highway; (2) that the plaintiff was driving his automobile at an excessive speed, and with inadequate or improperly adjusted lights and brakes; and (3) was driving while under the influence of an intoxicant. In addition, the defendant Brinkley averred that Jones-Robertson, Inc. was an independent contractor and was charged with the duty of building and lighting the barricade; that Jones-Robertson assumed and undertook to carry out this duty, and any negligence in the warning of the existence of the barricade was the negligence of Jones-Robertson, Inc. The defendant Jones-Robertson, Inc. plead that the work concerning the building of the highway was solely in the hands of the defendant Brinkley.

The case was tried by jury. The defendants moved for directed verdicts at the close of the plaintiff's proof and again at the close of all the proof. These motions were overruled, and the case was submitted to the jury for decision. The jury returned a verdict for the plaintiff against both defendants for $4,500.00, $2,000.00 of which

was for property damage and $2,500.00 for personal injuries. Motions for new trial was filed and overruled, and both defendants perfected their appeal to this Court.

In Assignments of Error I through X, the defendant Jones-Robertson contends that the trial court erred in not directing a verdict for defendants as (1) there was no material evidence to support the jury's verdict, and (2) that the evidence shows that the plaintiff was guilty of such contributory negligence as would bar his recovery.

Defendant Brinkley's assignments of error I and II were directed at the court's action in refusing to direct a verdict for the defendants on the ground that the evidence conclusively showed that the defendant was guilty of proximate contributory negligence.

These assignments of error require a consideration of the evidence introduced at the trial of this case. In considering this evidence, this Court must accept the finding of the jury on issues of fact where there is any material evidence to support that finding. We are required to disregard all countervailing evidence and to accept as true the strongest legitimate view of the evidence supporting the verdict, together with every reasonable inference to be drawn from the proof favorable to plaintiff's insistence. Kunk v. Howell, 40 Tenn. App. 183, 289 S. W. (2d) 874, 73 A. L. R. 2d 1304; Cherry v. Sampson, 34 Tenn. App. 29, 232 S. W. (2d) 610; Short Way Lines v. Thomas, 34 Tenn. App. 641, 241 S. W. (2d) 875.

Applying this rule, the record in this cause contains evidence to the effect that on the afternoon of December 8, 1957, the plaintiff drove north on highway 58 to visit

a friend. At that time, he noticed that the highway south of the entrance to Murray Hills was under construction, but did not note it with any detail as it was not on that portion of the highway on which he was traveling. The plaintiff began his return trip over the highway at about 8:00 P. M. It was dark and was "misting rain". The plaintiff drove at a speed of 40 miles per hour and was on the lookout for signs or signals relative to the construction work, as he did not know where it was located; that he saw no signs warning of the construction work, but did see the lights of the permanent barricade across the old portion of Highway 58; that before reaching the permanent barricade, the plaintiff suddenly came upon several unlighted saw-horses obstructing the highway. These unlighted saw-horses were located some 75 to 100 feet north of the lighted barricade. The plaintiff applied his brakes in an effort to avoid hitting the unlighted saw-horses and lost control of his automobile as it skidded on mud that had been deposited on the highway. The record also shows that the highway curved just north of the barricades so that the lights of an automobile would not shine on the unlighted barricade until the automobile was almost upon them.

We think the jury could reasonably find from this evidence that the defendants created a dangerous condition on the highway by the erection of the barricades and were, therefore, under a duty to warn the traveling public of the dangerous condition. Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S. W. (2d) 222; Finchem v. Oman, 18 Tenn. App. 40, 72 S. W. (2d) 564; 25 Am. Jur., Highways, Sec. 412, page 706; 40 C. J. S. Highway secs. 256, 257, 262. Further we are of the opinion that the jury could reasonably find that the defendants failed to warn

the public by the erecting and maintaining of proper and adequate lights or signs, and were thus guilty of negligence that proximately caused the plaintiff's accident.

■ The defendant Brinkley urges that there is no evidence of active negligence on his part, and that the negligence of the defendant Jones-Robertson, Inc. in failing to light the saw-horse barricade could not be attributed to him as Jones-Robertson was an independent subcontractor in charge of the construction of the bridge. We cannot agree with this insistence.

As pointed out above, there was material evidence in the record that Brinkley undertook to erect signs warning of the construction project and the necessity of a detour because of the barricade, and that these signs were not adequate or properly lighted so as to warn the traveling public of the unsafe condition of the highway.

■ Further, we are of the opinion that under the facts of this case, Brinkley is subject to liability for injuries and damages resulting from the failure of his subcontractor, Jones-Robertson, Inc., to adequately light the sawhorse barricade. Brinkley contracted with the Highway Department of the State of Tennessee to construct a bridge over Highway 58. The construction of this bridge, of necessity, would interfere with the normal use of Highway 58. This imposed a duty upon Brinkley to use the requisite care to prevent injury to those lawfully using the highway during the time of construction, and it was a duty that he could not delegate to an independent contractor selected by him. Osgood v. D. W. Winkelman Co., 274 App. Div. 694, 87 N. Y. S. (2d) 110; Boylhart et al. v. DiMarco & Reimann, Inc. et al., 270 N. Y. 217, 200 N. E. 793; Holland v. Phillips, 94 Ga. App. 361, 94 S. E.

(2d) 503; Folkins v. Johnston, 124 Cal. App. 169, 12 P. (2d) 153; Restatement of Torts, Sec. 417, p. 1130; 40 C. J. S. Highways sec. 252, p. 288.

It is ably and strongly insisted in behalf of both defendants that the plaintiff was guilty of contributory negligence as a matter of law. In support of this insistence, the defendants rely on the cases of Main Street Transfer & Storage Co. v. Smith, 166 Tenn. 482, 63 S. W. (2d) 665; Virginia Avenue Coal Co. v. Bailey, 185 Tenn. 242, 205 S. W. (2d) 11; Halfacre v. Hart, 192 Tenn. 342, 241 S. W. (2d) 421; Strickland Transp. Co. v. Douglas, 37 Tenn. App. 421, 264 S. W. (2d) 233, and other cases cited in defendants' briefs.

The last case in which the assured clear distance rule appears to have been examined is that of Strickland Transportation Co. v. Douglas, supra. In that case, the Court stated:

"We think that the law in Tennessee today * * * is that the assured clear distance rule does not apply where the motorist encounters a dangerous situation which in the exercise of reasonable care he had no reason to expect, and that drivers must use reasonable care under the circumstances which exist at the particular time, and the standard for such reasonable care is flexible, some occasions and sets of circumstances requiring a higher degree of care than others and that, therefore, the question of whether a plaintiff under a certain set of circumstances did or did not exercise the required standard of care is a question for the jury to determine."

In the present case the "exceptional circumstances" which we believe takes this case out of the "as-

sured clear distance rule'' and makes the question of the plaintiff's contributory negligence, if any, a jury question are: (1) the conditions of the weather; (2) the curve which prevented the lights of plaintiff's automobile from shining on the unlighted barricade until the automobile was close to the barricade; (3) the misleading effect of lighting the barricade furthest from the traveling public, while leaving the other unlighted; and (4) the unexpected presence of mud on the highway.

Accordingly, assignments of error I through X and assignments I and II are overruled.

In assignments XI and XII, the defendant Jones-Robertson, Inc. insists that the court erred in failing to charge the statute relating to the necessity for having adequate lights (T. C. A. secs. 59-904 and 59-905), and in failing to charge the defendant's theory that the plaintiff was driving with defective or inadequate brakes in violation of T. C. A. secs. 59-916 and 59-917.

The record indicates that the trial court, in giving the issues to be determined by the jury, told the jury that the defendant Jones-Robertson, Inc. was contending that the plaintiff ''was driving with inadequate or improperly adjusted brakes and so forth; that he was driving with inadequate lights * * *.'' The Court further charged that the plaintiff's duty was ''first to keep his vehicle in a reasonable state of repair''. The defendant did not offer any special instructions on these issues.

█ It is an established general rule that when a party is of the opinion that the instructions given by the Court are not explicit enough upon certain points or do not cover all phases of the case, he should call the attention

of the court to that fact and tender other and fuller instructions; otherwise, he cannot predicate error upon omissions or meagerness in the charge as given. All v. John Gerber Co., 36 Tenn. App. 134, 252 S. W. (2d) 138; Dorrity v. Mann, 43 Tenn. App. 554, 310 S. W. (2d) 191; Womac v. Casteel, 200 Tenn. 588, 292 S. W. (2d) 782; 53 Am. Jur., Trial, Section 513.

■■ As stated in All v. John Gerber Co., supra:

"In the absence of a correct request, the Court will not reverse merely for meagerness, inadequacy, etc., alone.

"It is only where the error in the charge as given is of such a nature as to mislead the jury on a material question in the case that the error will be corrected. McClard v. Reid, 190 Tenn. 337, 339, 229 S. W. (2d) 505."

We have carefully read the charge of the learned trial judge in the light of the entire record in this case, with special emphasis on those areas set out by the defendants in its assignments of error, and are of the opinion that the charge covered the issues presented by the pleadings and evidence, and was not misleading in any respect.

Assignments XI and XII are overruled.

Assignments XIII of the defendant Jones-Robertson, Inc. is directed at the court's action in refusing to charge the following special request:

"I instruct you that the law of Tennessee is that a person is required to see that which is plainly visible, and, when the undisputed facts show that had he looked, he would have seen it, his testimony that he

looked and did not see it is incredible and will be rejected.''

█ We are of the opinion, as was the trial judge, that the above request was not applicable to the facts and pleadings in this cause. The trial judge, in our opinion, gave a generally correct charge on this issue when he stated that:

"* * * if there were lights and obstructions there that an ordinarily prudent person would or could have seen traveling along there on that highway and Mr. Gallahar failed to see them, there is a presumption that he—that if they were there they could and should have been seen, if they were properly lighted and properly marked. So if he failed to do that, an ordinarily prudent person would have seen them, then he would be guilty of negligence, * * *.''

Accordingly, this assignment is overruled.

In Assignment XIV, Jones-Robertson, Inc. insists that the trial court erred in failing to give the following requested charge:

"I instruct you that the law of Tennessee is that mere forgetfulness of danger does not excuse contributory negligence.''

█ We are of the opinion that the above request was properly refused in the light of the evidence, pleadings and the charge given to the jury, which contained a correct and adequate charge on contributory negligence and its effect. However, if it were error to refuse the special request, the error was not prejudicial as there is no showing that it affected the results of the trial. T. C. A. sec. 27-117.

This assignment is overruled.

The defendant Brinkley insists that there was no credible evidence to support the verdict of the jury in awarding $2,000.00 as property damage, and that the trial court erred in refusing to grant a new trial or to order a remittitur.

The record discloses that the plaintiff testified that the reasonable cash market value of his automobile before the accident was $3,000.00 and that its cash market value was reduced by $2,500.00 as the result of the accident. The defendant offered no testimony as to a different valuation, but attacked the plaintiff's testimony on the basis that the plaintiff had placed a different valuation on his automobile in responding to questions asked in a discovery deposition. The plaintiff explained the answers given in the discovery deposition by showing that he told the questioners that he did not know the price he paid for the car, but would have to look it up. The jury accepted the plaintiff's explanation as it did the remainder of the plaintiff's testimony where it was in sharp conflict with that introduced by the defendants.

The question of credibility of witnesses being a jury question, McConnell v. Jones, 33 Tenn. App. 14, 228 S. W. (2d) 117, and there being material evidence in the record to sustain the jury's awarding $2,000.00 to plaintiff as compensation for property damage, this assignment is overruled.

All assignments of error having been overruled, the judgment below is affirmed with interest. Costs of the appeal are adjudged against the defendants and their sureties.

McAmis, P. J., and Hale, J., concur.