MARY Z. CAMPBELL, Plaintiff in Error, v. CLAIRE C. FRANCIS, Defendant in Error.—378 S. W. (2d) 790.

Western Section at Jackson. January 31, 1964.

Certiorari Denied by Supreme Court May 8, 1964.

Byrd & Hoffman, Memphis, for plaintiff in error.

Marshall & Irons, Memphis, for defendant in error.

BEJACH, J. In this cause, Mrs. Mary Z. Campbell, who was plaintiff in the lower court, appeals in error from a judgment of the Circuit Court of Shelby County, Tennessee, dismissing her suit by peremptory instruction granted at the end of plaintiff's proof. In this opinion, the parties will be referred to, as in the lower court, as plaintiff and defendant. The sole question involved, which is presented by plaintiff's one assignment of error, is whether or not the trial judge erred in granting defendant's motion for a directed verdict made at the end of plaintiff's proof.

This cause involves a suit by a tenant against her landlord. The facts are comparatively simple, and are as follows:

■ On March 18, 1962, while a tenant in an apartment building owned by defendant at 152 N. Cooper Street in Memphis, plaintiff sprained her ankle by falling on a stairway leading to two upper apartments, one of which was occupied by plaintiff. The stairway leading to these upper apartments is in three flights, consisting of four, six and nine steps each, with two landings. Plaintiff fell down the bottom flight of four steps. The principal charge of negligence on the part of defendant is that the stairway was dimly and inadequately lighted. An additional charge that defendant violated the City Building Code adopted in 1949, in that she had no handrailing on the stairway, was made in an amendment to plaintiff's declaration. The parties stipulated, however, both in the lower court and in this court, that the defendant's building at 152 N. Cooper Street was constructed before 1940, and therefore prior to adoption of the city ordinance establishing the Building Code. The requirement of a handrailing is, therefore, not applicable to defendant's building.

On the night of March 18, 1962, plaintiff, who was at that time a waitress at the Dobbs House Restaurant in Memphis, Tennessee, known as the "Luau", finished her work at about 12:00 o'clock, midnight, and was preparing to take her daughter, Gene Stout, aged 20, by automobile to the School of the Ozarks at Hollister, Missouri. They were loading the car, plaintiff's daughter having made several trips up and down the stairs. As plaintiff was descending the stairs, noting the dimly lighted condition below the second landing, she stopped on it and called to her daughter, "Be careful. Don't fall." Almost momentarily thereafter she fell down the remaining four steps and injured her ankle. According to plaintiff's testi-

mony, the upper portion of the stairway was adequately lighted, and the lower portion of same had usually been well lighted, but that about four or five days before the accident here involved, a Sylvania night light bulb, which glowed more than it illuminated, had been used to replace the light bulb formerly illuminating the lower portion of the stairway.

The stipulation with reference to the time of construction of defendant's property at 152 N. Cooper Street, which was filed in this Court December 2, 1963, is in the words and figures as follows:

## "STIPULATION

"It is hereby agreed by and between the parties hereto that the building in which the plaintiff in error fell was standing and in existence as early as the year, 1940. It is further agreed by and between the parties hereto that this fact was adduced in the proof during the trial of this cause in the Circuit Court of Shelby County, Tennessee, by oral stipulation made in open court by and between the attorneys for the parties hereto and approved by the trial court, but that the transcript filed in this court failed to include said oral stipulation because of an omission on the part of the court reporter.

"This 4th day of September 1963."

█ █ At first blush, it would appear that this stipulation is an effort on the part of the litigants, acting by and through their attorneys, to amend the bill of exceptions, which omits the facts recited in this stipulation. As such, it would be improper. Ballard v. Nashville Railroad, 94 Tenn. 205, 28 S.W. 1088. A more careful exam-

ination of the stipulation, however, discloses that it does more than merely amend the bill of exceptions. It stipulates as a fact, in this Court, that defendant's premises were in existence as early as the year 1940, and that a similar stipulation was made in the lower court. The circumstance that such stipulation was inadvertently omitted from the bill of exceptions is immaterial. It is the stipulation of fact, rather than the stipulation that that fact should have been included in the bill of exceptions, that authorizes us to consider same in this Court. The right and authority of counsel to make such stipulation is established by a long line of authorities. Gordon's Transports, Inc. v. Bailey, 41 Tenn.App. 365, 401-402, 294 S.W.(2d) 313; Pemiscot County Bank v. Central State National Bank, 132 Tenn. 152, 168, 177 S.W. 74, 78; Hammon v. Miller, 13 Tenn.App. 458, 462; Utley v. Louisville & N. R. R., 106 Tenn. 242, 61 S.W. 84; Fuller v. Jackson, (Tenn. Chancery Appeals), 62 S.W. 274.

On the merits of the case, we think the learned trial judge ruled correctly when he granted defendant's motion for a directed verdict at the end of plaintiff's proof. Taking the plaintiff's proof most strongly in her favor, we think that reasonable minds should not differ in reaching the conclusion that no case had been established which entitled plaintiff to have the matter submitted to the jury.

 The basis for the liability of a landlord to his tenant in tort actions is, as is stated in the early cases of Hines v. Willcox, 96 Tenn. 328, 34 S.W. 420, 34 L.R.A. 824, 832, and Willcox v. Hines, 100 Tenn. 538, 46 S.W. 297, 41 L.R.A. 278, 66 Am.St.Rep. 770, that the landlord is obligated to turn over to his tenant, at the time of letting, a safe place in which to live or work. As was said

by Wilkes, J., speaking for the Supreme Court in Willcox v. Hines:

" 'This duty does not originate directly from the contract, but from the relation of the parties, and is imposed by law.' It is not upon the ground of an insurer of warrantor of condition under his lease contract, but on the ground of the obligation implied by law, not to expose the tenant or the public to danger which he knows, or in good faith should know, and which the tenant does not know, and cannot ascertain by the exercise of reasonable care and diligence." Willcox v. Hines, 100 Tenn. 550, 46 S.W. 300, 41 L.R.A. 278.

The liability imposed on the landlord in the cases of Hines v. Willcox and Willcox v. Hines was based on the obligation of the landlord with reference to the condition of the property at time of letting; and, the general rule is that in the absence of a contractual obligation to that effect, the landlord has no duty to keep the premises in good condition. The Supreme Court held, however, in the case of Woods v. Forest Hill Cemetery, 183 Tenn. 413, 192 S.W.(2d) 987, that where premises are leased to different tenants, and the stairways, passages, hallways, and other portions are reserved by lessor for use in common of the different tenants, the rule of caveat emptor does not apply, and the landlord has duty to keep in good repair and safe condition such common passageways.

In the instant case, plaintiff, according to her own testimony, knew that the dim light in the lower portion of the stairway had been there for four or five days, during which time she had used the stairway, without any accident or unfortunate results. On the night of the accident, she had previously used the stairway without

accident; and, immediately preceding the accident, she had called to her daughter warning her of danger and cautioning her to be careful. In that situation, we think plaintiff must be considered as having assumed the risk involved, or to have been guilty of contributory negligence which bars her right of recovery.

The case in which a recovery was allowed, most nearly like the instant case, so far as our investigation of the authorities has disclosed, is Grizzell v. Foxx, 48 Tenn. App. 462, 348 S.W.(2d) 815. In that case the plaintiff slipped on an accumulation of snow and ice in a common pathway to a garage leased in connection with a multiple apartment house. In that case it was held that the landlord was obligated to keep the pathway clear and, consequently, that a jury question was presented when plaintiff was injured as a result of the landlord's breach of duty, a reasonable time having elapsed within which the landlord either knew or should have known of the condition of the pathway. The plaintiff, on the other hand, had had no previous knowledge of the dangerous condition. The jury had returned a verdict in favor of the plaintiff, and that verdict was affirmed.

In the recent case of Campbell v. Hoffman, 51 Tenn.App. 672, 371 S.W.(2d) 174, the facts of which were quite similar to those of the instant case with reference to the dim lighting of the area and the short flight to steps down which the plaintiff fell, we held that the plaintiff was barred by her own contributory negligence or assumption of the risk involved. In that case, it is true the plaintiff was held to be a trespasser and not an invitee or business visitor, whereas in the instant case, the plaintiff is clearly entitled to the status of an invitee. Even as an invitee or business visitor on the premises, however,

plaintiff had equal, if not superior knowledge of the danger involved, and must therefore, be held to have assumed the risk or to have been guilty of contributory negligence which bars her right of recovery. The defendant's liability, if any, must be predicated on a superior knowledge of a danger involved, coupled with a breach of duty to remedy or correct same or warn plaintiff of that danger. With the plaintiff, herself, having equal or superior knowledge of the situation, there should be no liability imposed on the defendant, and the learned trial judge, in our opinion, ruled correctly when he granted the defendant's motion for a directed verdict.

The judgment of the lower court, dismissing plaintiff's cause of action, will, therefore, be affirmed at the cost of plaintiff and her surety on the appeal bond.

Avery, P.J., (W.S.), and Carney, J., concur.