JOHN L. BURNS, INC., BILL HENDRIXSON and
CLINTON BUTCHER, Plaintiffs-in-Error, v. MRS.
JOAN MATHENEY and THOMAS MATHENEY,
Defendants-in-Error.—384 S. W. (2d) 51.

Middle Section. February 28, 1964.

Certiorari Denied by Supreme Court August 26, 1964.

476

Williams, Howser & Thomas, Denney, Leftwich & Osborn, Nashville, for plaintiffs in error.

Hooker, Keeble, Dodson & Harris, Nashville, John W. Gill, Monterey, for defendants in error.

## I

## THE CASE

SHRIVER, J.   These two consolidated cases were brought by Mrs. Joan Matheney and her husband Thomas Matheney to recover damages by reason of injuries sustained and expenses incurred as the result of an automobile accident which occurred on a two lane highway connecting Monterey and Sparta, Tennessee.

The jury returned a verdict against all the defendants in favor of Mrs. Joan Matheney for $25,000.00 and in favor of her husband for $5,243.00, which verdicts were approved by the trial Judge and judgment entered thereon.

Motions for a new trial were overruled and appeals in error were prayed and perfected and assignments have been filed.

## II

## THE FACTS

There is material evidence in the record, with a proper predicate laid in the pleadings, to support the following facts:

On August 18, 1961, the State of Tennessee entered into a contract with the defendant, John L. Burns, Inc., to resurface the two-lane state highway connecting Cookeville and Sparta, which highway runs in a generally North and South direction.

The contract provided that John L. Burns, Inc., would be responsible for the safety of the public using the said highway while it was under construction.

As was stated by witness, Jim Grundy, who was in a supervisory capacity representing the defendant contractor, John L. Burns, Inc., the duty to protect the public from injury during the period of reconstruction was recognized and, to this end, a flagman was placed at each end of the construction to control traffic and to allow automobiles to proceed in only one lane of travel at a time and in one direction, and these flagmen were on duty on the day in question.

Defendant, Bill Hendrixson, was operating as a subcontractor to haul crushed rock to the job site, and this operation was in progress at the time of the accident. One of Hendrixson's drivers, defendant Clinton Butcher, was operating a truck filled with crushed rock and backed into the car of plaintiff while it was standing waiting for traffic going in the opposite direction to clear and this collision caused the injuries complained of.

The accident occurred on November 24, 1961, when Mrs. Matheney was driving her husband's 1961 Plymouth automobile from Monterey, to Sparta, Tennessee, over this highway. She came upon the construction site at about 9:15 A.M. at which time the weather was clear and it was broad daylight.

The flagman employed by the defendant, John L. Burns, Inc., who was stationed on the North end of the construction site, motioned Mrs. Matheney and the driver of a car in front of her, to move into the left lane of traffic and indicated that they should proceed down the highway on that side. However, as she and the car in front of her reached the construction site they saw a line of traffic proceeding toward them in the opposite direction. Thereupon, the car in front of her pulled over to the right in front of a rock spreader that was standing on that side and brought his car to a stop, whereupon, Mrs. Matheney also pulled to the right in a normal manner and stopped her car immediately behind the car in front of her. She had seen a truck in a private driveway just before she reached the point of construction. She also saw a heavy piece of road machinery which was later shown to be a rock spreader, blocking the right lane of traffic for automobiles travelling in a direction she was going.

After having stopped her car in the position above described, and while waiting for some four or five automobiles travelling in the opposite direction to pass, so that she could pull back to the left side of the highway and proceed, the rear of her automobile was struck violently by the heavily loaded truck of defendant Hendrixson, operated by the defendant Butcher. This truck was backing toward the rock spreader when it crashed into the rear of plaintiff's automobile causing the injuries complained of.

According to the testimony of Butcher, the driver of the truck in question, shortly before the accident he had driven his truck into a private driveway just north of the scene of the accident for the purpose of turning around

so as to back up to the rock spreader. As he backed out of this driveway he was some fifty yards from the rock spreader and he backed down the highway toward the spreader for a distance of approximately 40 yards before striking Mrs. Matheney's automobile. The truck was equipped with large rear view mirrors on either side and, according to Mr. Hendrixson, the owner, the driver by looking into these mirrors, could see an object directly to the rear of his truck until he reached a point within 8 to 10 feet of it.

## III

## ASSIGNMENTS OF ERROR

Defendant, John L. Burns, Inc., has assigned error on the ground that there is no material evidence to support the verdict. In other words, that there is no evidence that defendant, Burns, was guilty of any negligence that directly and proximately caused the accident and further that if guilty of any negligent act, the negligence of co-defendants, Hendrixson and Butcher, constituted an independent, intervening act that relieved John L. Burns, Inc., of liability.

Attorneys for defendants Hendrixson and Butcher have filed four assignments: (1) That there is no material evidence to support the verdict and judgment against them; (2) that the evidence preponderates against the verdict; (3) that the defendant, John L. Burns, Inc., having set in motion, by negligent acts, the chain of events which resulted in the damages and injuries to plaintiffs, is, therefore, solely liable therefor; and, (4) that the verdict of the jury in each of these cases is so excessive as to evidence prejudice, bias and caprice on the part of the jury.

## IV

We will first consider the assignments of defendant John L. Burns, Inc.

Counsel for the defendant John L. Burns, Inc., insist that this defendant was not guilty of any negligence in connection with this accident and that, if guilty of any negligence, it was not the direct and proximate cause of the accident.

This theory is based on the proposition that, while a contractor doing work on a highway must take due care to avoid injury to travelers, and must warn the travelling public of any hazard in connection with the work, such contractor is not an insuror of the safety of the traveler, and fulfills his duty when he gives warning and notice of the hazard.

It is insisted that this defendant met this obligation by giving adequate warning through a flagman employed for that purpose, and, further, that the work area was not, in fact, a dangerous one and the proof showed that all safety requirements of the State were adequately met by this defendant.

As to a joint liability with his co-defendants, defendant, Burns, insists that Hendrixson was an independent contractor and that the negligence of Hendrixson's truck driver in backing into the car of plaintiff was an independent intervening cause so as to relieve John L. Burns, Inc., of any previous act of negligence that could be attributed to it.

■ In the first place as was stated by this Court in Brinkley v. Gallahar, 50 Tenn.App. 129, 359 S.W.(2d) 857, highway construction such as that involved in the

case at bar would, of necessity, interfere with the normal use of the highway· and this imposes a duty on the contractor to use requisite care to prevent injury to those lawfully using the highway during construction, and this is a duty that the general contractor cannot delegate to an independent contractor.

Furthermore, the particular contract signed by defendant, John L. Burns, Inc., with the State, stipulated that this contractor should, "provide all safety guards * * * and take any other needed actions, on his own responsibility, * * * reasonably necessary to protect the safety of the public." Furthermore, the engineer in charge of the job for this defendant frankly stated that the public safety was the responsibility of his company.

Pursuant to this responsibility, this defendant placed a flagman at either end of the construction work to prevent cars from proceeding in opposite directions over the one-lane of traffic at the same time and, in order to carry this out, the flagman normally held traffic back until the last car proceeding through would take the flag to the other flagman who would then let the traffic from the opposite direction proceed.

For some reason the flagman in charge at the end approached by Mrs. Matheney signaled her and the other car in front of her into the left lane of travel where she met four or five cars proceeding from the other direction, thus, being forced to pull over to the right hand lane of travel in a position which defendant Burns and his agents should have known involved some hazard since the rock spreading operation was in progress at the time.

The question then arises as to whether or not John L. Burns, Inc., through its agents and servants on the job

might reasonably have foreseen that such an injury as that which was inflicted on Mrs. Matheney might occur when she was motioned forward by the flagman. It is argued by counsel for this defendant that it was possible that the flagman on the south end of the construction did not voluntarily permit the cars to go through and that possibly the North bound automobiles got on the highway at a point North of the South flagman. However, there is no showing to this effect and, as is pointed out by counsel for the plaintiffs, neither of the flagmen were called to testify by the defendants.

It is then argued by counsel for plaintiffs that failure to call an available witness possessing peculiar knowledge concerning facts essential to the parties' cause gives rise to a presumption that the testimony of such uninterrogated witness would not sustain the contentions of the parties. Counsel for defendant, Burns, then argue that the reason that the North bound automobiles were there is not known and that, to insist that the presence of these four or five cars indicate negligence, is mere speculation unsupported by the evidence, and that, in any event, the presumption arising from the failure to call a witness does not amount to substantive proof of a fact required to make out a case.

It would seem to us that, in-as-much-as the flagman motioned Mrs. Matheney to proceed, she had a right to assume that he knew what he was doing and that the passageway was clear for her to proceed. Furthermore, since this defendant by his contract was onerated with the duty of protecting the travelling public from hazards by reason of the construction, and, since his duty was undertaken to be performed by placing flagmen to control the flow of traffic and these flagmen permitted cars to enter

the area going in both directions, contrary to the plan of operation for the safety of the public, if he insists on some conclusion in avoidance of this apparent negligence, it would be incumbent upon him to call the flagmen to explain this apparent mistake or negligence.

In any event, it cannot be successfully argued that there is no evidence to support the jury's finding of negligence on the part of this defendant.

■ This brings us to the other question, and, perhaps, the more serious one raised by counsel for defendant Burns, to wit; whether or not the act of Hendrixson's driver was such an independent intervening cause as that defendant Burns is relieved of responsibility for any prior negligence of his flagmen.

In Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S.W.(2d) 840, it was said that the intervening act of an independent conscious agency will not exculpate the original wrongdoer unless it appears that the negligent intervening act of commission or omission could not have been reasonably anticipated.

Again, in Levitan v. Banniza, 34 Tenn.App. 176, 236 S.W.(2d) 90, it was said,

"The rule relating to intervening cause is this: If the first actor is negligent, and, 'if the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury'."

We are persuaded that the agents of defendant, John L. Burns, Inc., especially the flagman who signaled Mrs. Matheney to drive into this area, should have known that automobiles were proceeding in the opposite direction so

that she could not safely proceed. In the second place, since the automobiles were proceeding in the opposite direction, thereby forcing Mrs. Matheney and the driver of the car in front of her to pull over to their right into the area of construction where the rock spreader was awaiting a load of rock, this agent should also have been aware of the fact that the procedure of the loaded trucks in hauling the rock was to back some 50 yards down that side of the highway to the spreader, and that this operation presented a definite hazard. Thus, the act of the driver of the truck was one that could have been reasonably anticipated.

It results that the assignments of error on behalf of the defendant, John L. Burns, Inc., are overruled.

## V

We now consider the assignments on behalf of the defendants Hendrixson and Butcher.

In view of the facts hereinabove recited, we cannot see how it can be successfully argued that there is no evidence of negligence on the part of the driver of the truck that crashed into the rear of Matheney's car while it stood still waiting an opportunity to proceed.

To say that the presence of this car could not have been discovered by the driver of the truck because it was not visible in his rear view mirror, is to beg the question. In the first place, according to Mr. Hendrixson, objects behind the truck were visible up to a point 8 or 10 feet behind the truck and, according to the testimony of the driver, he backed some forty yards down that side of the highway before crashing into the rear of Mrs. Matheney's car. In the second place, if it were true that he could not see what was behind him by looking into the

rear view mirror, it was his definite duty to use other means of discovering what was behind before proceeding into the area.

Certainly, there is evidence of negligence on the part of this driver, therefore, the first assignment is overruled.

■ The second assignment which is to the effect that the evidence preponderates against the verdict of the jury is not available to the defendant on appeal in a case of this kind. See Jones v. Noel, 30 Tenn.App. 184, 204 S.W.(2d) 336, Lyman v. Bank, 48 Tenn.App. 328, 346 S.W.(2d) 289, and many cases.

■ Assignment No. 3, that the defendant John L. Burns, Inc., having set in motion by negligent acts, the chain of events which resulted in the damages, renders said defendant solely liable therefor is untenable in view of the facts and circumstances shown by this record. Hence, assignment No. 3, is overruled.

■ As to assignment No. 4, that the verdict of the jury is so excessive as to indicate passion, prejudice and caprice on the part of the jury, we have given serious consideration to same in view of the fact that Mrs. Matheney did not appear to be injured immediately after the accident, and in view of the fact that these whip-lash injuries are often used by plaintiffs to obtain judgments far in excess of the amount they are entitled to. On the other hand, the proof in this record seems to substantiate the fact that Mrs. Matheney was seriously injured. It is shown that prior to the accident she was in excellent health; that she was employed at a salary of $54.90 a week and had missed only one day's work because of illness in the two and one-half years preceding the

accident; the night following the accident she developed a severe headache and back pains and, from that time on, she was under the care of physicians almost constantly; she was hospitalized on December 1, following the accident and was put in traction for a long period of time; after being discharged she began to have intense pain again and was rehospitalized on March 21, 1962; her regular doctor testified that, among other things, there was a narrowing of the fourth and fifth cervical disc spaces in the spine and, on his findings substantiated by X-rays, he made a diagnosis of a ruptured cervical intervertebral disc; she was again admitted to the hospital in August 1962 and Dr. Ivey stated that her condition resulting from the accident could never be cured and estimated the disability to her body at 30%; another doctor fixed it at 35%; she had hospital bills amounting to almost $1,000.00, her doctors bills approximated $600.-00, drugs and appliances required for her amounted to over $250.00, all of this in addition to expenses of help employed because of her disability and the loss of wages of $54.90 a week, she being unable to go back to work at the time of the trial.

From all of this we feel that we would not be justified in holding that the verdict of the jury evidenced passion, prejudice and unaccountable caprice, or that the verdict is so excessive as to shock the conscience of the Court. As has been said by our Appellate Courts a number of times, we ought not, in cases of this kind, merely substitute our judgment as to the amount of damages for that of the jury and the trial Judge.

It results that the assignments of error are all overruled and the judgment of the trial Court is affirmed.

The costs of the Court below will abide the judgment

of the trial Court while the costs of the appeal will be equally divided between the defendants Burns and Hendrixson.

Affirmed.

Humphreys and Chattin, JJ., concur.