ROBERT W. HELLON, JR., Plaintiff-Appellee, v.
TROTWOOD APARTMENTS, INC.,
Defendant-Appellant.
—460 S.W.2d 372.

Middle Section. January 2, 1970.

Certiorari Denied by Supreme Court July 6, 1970.

Manier, Crouch, White & Herod, Nashville, MacFarland, Colley, Blank & Jack, Columbia, for plaintiff-appellee.

Moore Henry, Henry, Lewis & Cain, Columbia, for defendant-appellant.

TODD, J. The defendant, Trotwood Apartments, Inc., has appealed in error from a jury verdict and judgment in favor of the plaintiff, Robert W. Hellon, Jr., for

$6,500.00 for personal injuries sustained when he slipped and fell on the premises of the defendant.

The assignments of error are as follows:

"1. There is no evidence to support the verdict of the jury against the Defendant.

2. The verdict of the jury against the Defendant is not sustained by the evidence and is against the preponderance of the evidence.

3. The verdict of the jury against the Defendant is contrary to the law and evidence introduced in the trial of this cause.

4. The Court erred in overruling the Defendant's Motion for a directed verdict at the conclusion of all of the proof.''

An assignment of error that the verdict is against the preponderance of the evidence presents no question for review. McBee v. Williams, 56 Tenn.App. 232, 405 S.W.2d 668 (1966); John L. Burns, Inc. v. Matheny, 53 Tenn. App. 475, 384 S.W.2d 51 (1964); Lyman v. American Nat. Bank & Trust Co., 48 Tenn.App. 328, 346 S.W.2d 289 (1960).

An assignment that the verdict is contrary to the law and evidence presents no question for review. Rogers v. Murfreesboro Housing Authority, 51 Tenn.App. 163, 365 S.W.2d 441 (1962); Lyman v. Amer. Nat. Bank & Trust Co., Supra.

If there is any material evidence to support submission of the case to the jury, the appellate courts must overrule an assignment that a verdict should have been

directed. Jack M. Bass & Co. v. Parker, 208 Tenn. 38, 343 S.W.2d 879 (1961).

Thus the sole question presented by the assignments of error for consideration by this Court is whether there is any material evidence to justify a verdict for the plaintiff.

There is no dispute about the material facts. Plaintiff and his wife were tenants in a newly constructed apartment complex. The parking lot had been constructed by excavating and leveling a slope, so that a raw, unsodded dirt bank adjoined the asphalt parking area. Whenever it rained, surface drainage would deposit silt or mud on the surface of the parking lot and the sidewalks leading from the parking lot to the apartment building. No ditch was provided to intercept this surface drainage, and no culvert was provided to prevent the surface drainage from washing across the sidewalks. This condition had been in existence for some time, and was known to plaintiff, however the water and mud covered the sidewalk only when it rained. At other times, the sidewalks were clear.

On the date of plaintiff's injury, it had been raining all or most of the day. Upon entering the parking lot, plaintiff saw muddy water on the surface of the parking lot and parked against the curb so as to be able to step directly from his auto to the sidewalk which was partly free of water and mud at that point. As he walked toward his apartment, he reached a section of sidewalk which was completely covered with water. He stepped cautiously into this area, as though walking on ice, but slipped nevertheless and was seriously injured. Neither the seriousness of plaintiff's injury nor the amount awarded him is questioned.

Defendant insists that there is no evidence of actionable negligence of the defendant, citing Campbell v. Francis, 53 Tenn.App. 80, 378 S.W.2d 790 (1964), wherein the plaintiff fell down a dimly lighted stairway. This Court held that the landlord had a duty to keep in good repair and safe condition the common passageways, but sustained a directed verdict on the ground that plaintiff knew of the danger of the dimly lighted stairway and had warned his daughter of the danger.

In Campbell v. Francis the court refers to and distinguishes Grizzell v. Foxx, 48 Tenn.App. 462, 348 S.W.2d 815 (1960) wherein the plaintiff slipped on ice on a common pathway and was allowed to recover.

Defendant cites Collins v. Great Atlantic and Pacific Tea Co., Inc. an unpublished opinion of the members of the middle section of this Court sitting specially in the eastern section, released on March 28, 1969. In that case, a cripple stumbled over a wheel protruding from the side of a super-market cart where there was ample room in the aisle to go around the cart. The case is not in point.

Defendant cites Ashworth v. Carnation Co., 190 Tenn. 274, 229 S.W.2d 337 (1950) wherein plaintiff, who had traversed defendant's ramp many times previously without injury, suffered a sudden attack of dizziness and fell from the edge of the ramp, where there was no rail. The Supreme Court held a sudden attack of dizziness to be an unforseen event against which defendant was not required to provide.

Defendant insists, correctly, that plaintiff had seen water and mud on the sidewalks before, and that this imputed to him a knowledge of the danger. This is a non sequitur. Just because water and mud has been observed

on previous occasions does not prove that the water and mud were known to be slippery and dangerous, both on the previous occasions and on the occasion of injury. There is no evidence of any prior fall or other evidence known to plaintiff that the sidewalks had been or were dangerously slick. Furthermore, it is shown that the accumulation of mud was cleaned from the walks from time to time, and that the cause of injury was a "thin skim" of mud under the water. If the mud had been on the sidewalk for some days and plaintiff had known of its slippery nature, the situation might be different, but such is not shown to be the case.

Defendant cites authorities to the effect that temporary forgetfulness or distraction of attention do not avoid the effect of prior knowledge of danger, but no such forgetfulness or distraction is shown here.

Defendant cites Standard Knitting Mills v. Hickman, 133 Tenn. 43, 179 S.W. 385 (1915) wherein an employee slipped on soapy water which she had seen another employee put on the floor for cleaning. This was held to be a "transient peril" which was known to the injured employee and which she should have avoided.

More nearly in point is the case of Kendall Oil Company v. Payne, 41 Tenn. App. 201, 293 S.W.2d 40 (1955) wherein a customer in a filling station slipped on a concrete surface covered with a cleaning solution of soap and water. A directed verdict was reversed and the cause remanded for a new trial with the following comment:

"[7] In our opinion, under the facts of this case, reasonable minds might disagree as to whether the defendant was guilty of negligence in relying upon invitees observing the slick and dangerous condition of

the premises and avoiding injury therefrom. And, as we have seen, in cases of this kind it is generally for the jury to say whether the invitee was guilty of contributory negligence in failing to observe and avoid the danger. There was no error in refusing to direct a verdict in this case on the ground of contributory negligence. Even if plaintiff should have seen that the concrete was wet, a jury could say that an ordinarily prudent person might not detect the soapsuds and the slick condition resulting therefrom.

"[8] We are likewise of opinion it was for the jury to say whether defendant's negligence or plaintiff's own contributory negligence, if any, in failing to observe the danger constituted the proximate cause of plaintiff's injuries. * * *" 41 Tenn.App. pp. 206, 207, 293 S.W.2d p. 43.

Defendant relies upon Manes v. Hines 184 Tenn. 210, 197 S.W.2d 889 (1946), wherein a tenant in an apartment hotel slipped on a spot in the hallway which she knew was slippery and *there was ample room to go around such spot.* On the contrary, in the present case, the sidewalk where plaintiff fell was completely covered with water.

Defendant also relies upon Harper v. American Nat. Bk. & Trust Co., 193 Tenn. 617, 249 S.W.2d 583 (1952) wherein the defect was a 3/16 inch variation in surface which had been present for years without incident and the defect was inconsequential. This is hardly comparable to the condition of the sidewalk in the present case.

Defendant points out that plaintiff admitted that he saw the mud and water and realized the danger. Defendant insists:

> "*  *  * since the Plaintiff had equal or superior knowledge of the danger, the Defendant is absolved of actionable negligence and as a matter of law is entitled to a directed verdict upon its behalf."

Superficially, this insistence of defendant, so often stated in different words by our courts, seems to be controlling in this case. However, generalized pronouncements are not necessarily applicable to all cases which seem to be included in such pronouncements.

■ In the first place, equal knowledge does not absolve the defendant of negligence. If a defendant fails to exercise ordinary care under the circumstances, the defendant is negligent, regardless of who knows of the resulting danger. Knowledge on the part of the injured party may impute contributory negligence to the plaintiff and may relieve the defendant for liability for his negligence.

■ In the next place, it is not every case in which knowledge of danger conclusively imputes contributory negligence to the plaintiff; and contributory negligence, if imputed may be proximate or remote. Where the danger is one which might be readily avoided by stepping around it (Manes v. Hines), (Collins v. A & P), (Standard Knitting Mills v. Hickman), or by special attention to details in dim light (Campbell v. Francis), or in like situations, it is the failure of the plaintiff to utilize his opportunity to avoid the known danger, and not merely the knowledge of danger, which forms the contributory negligence which may bar his recovery.

■ Where, however, the known danger is not readily avoidable and is such as to effectively obstruct the path of plaintiff, plaintiff is put to the decision of whether he

will take the inevitable risk of proceeding through the danger or will abandon his intended course and destination altogether. When such a situation presents itself, the question of whether the plaintiff undertook a greater risk than an ordinarily prudent person would take under the circumstances is usually for the jury.

As stated in Grizzell v. Foxx, supra:

''[5-7] Defendant further insists that the plaintiff Mary Foxx was guilty of such contributory negligence as would bar her recovery in using the common passageway when she knew the condition of the weather and could see that the passageway was covered with ice and snow. * * *''

\* \* \* \* \* \*

''* * * Proof shows that it was necessary for plaintiff to leave the premises; that the common walkway she used was the one normally used by the tenants and was the one closest to the garage; and that all exits were covered with ice and snow. To hold that the mere walking on a snow and ice covered walk is negligence *per se* would, in effect, make these plaintiffs captives in the apartment building. Knowledge of the presence of ice and snow would impose upon the plaintiff the duty of exercising that degree of care commensurate with her knowledge, but would only be a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety. We are of the opinion that in this case the issue of whether or not plaintiff was guilty of contributory negligence under the circumstances was at most an issue of fact to be decided by the jury, and the jury's verdict for the plaintiffs on this issue must be

sustained." 48 Tenn.App., pp. 468, 469, 348 S.W.2d, pp. 817, 818.

■ Under the evidence and law as discussed herein, the assignments of error must be respectfully overruled.

The judgment of the trial court is affirmed and the costs of this appeal are taxed against the defendant-appellant.

Affirmed.

Shriver, P. J. (M.S.), and Puryear, J., concur.