# MARY M. REYNOLDS GRIZZELL v. PAUL FOXX and MARY FOXX. —348 S. W. (2d) 815.

Eastern Section.   December 2, 1960.

Certiorari Denied by Supreme Court July 26, 1961.

D. M. Guinn and T. E. Mitchell, Johnson City, H. Dennis Erwin, Erwin, for plaintiff in error.

John D. Goodin, Johnson City, for defendants in error.

COOPER, J. These suits were brought by Mary Foxx and husband, Paul Foxx, against Mrs. M. Reynolds Grizzell, seeking to recover for personal injuries received by Mary Foxx in a fall on premises owned by the defendant, and for expenses incurred by her husband in treatment of her injuries. At the close of plaintiff's proof, defendant moved for a directed verdict, which was overruled. Defendant did not introduce any proof. The jury returned verdicts against the defendant of $2,500 in the case of Mary Foxx and $1,000 in the case of Paul

Foxx. Motion for a new trial was overruled and defendant appealed, assigning as error the court's action in overruling defendant's motion for a directed verdict contending that (1) there was no evidence of any actionable negligence upon the part of defendant to support a verdict in favor of the plaintiffs, and (2) the evidence shows plaintiff Mary Foxx was guilty of such contributory negligence as would bar her recovery.

In considering these assignments of error on appeal, this Court in its review does not weigh the evidence, but considers only whether there is any material evidence to support the verdict, and in such review we are required to take the strongest legitimate view of all the evidence favorable to the plaintiffs, disregard all to the contrary, and indulge all reasonable inferences to uphold the verdict. Kunk v. Howell, 40 Tenn. App. 183, 289 S. W. (2d) 874, 73 A. L. R. (2d) 1304; Cherry v. Sampson, 34 Tenn. App. 29, 232 S. W. (2d) 610; Short Way Lines v. Thomas, 34 Tenn. App. 641, 241 S. W. (2d) 875.

It is only where the evidence is uncontradicted and a reasonable mind could draw only one conclusion from the evidence that a trial judge is justified in directing a verdict. Ford v. Vanderbilt University, 40 Tenn. App. 87, 289 (S. W. (2d) 210; Supreme Liberty Life Insurance Co. v. Pemelton, 24 Tenn. App. 576, 148 S. W. (2d) 1; Coca Cola Bottling Works v. Selvidge, 4 Tenn. App. 558.

Applying the foregoing rules to the facts of the instant cases, the evidence shows that the defendant owned a multiple apartment building in Johnson City, Tennessee, known as Montrose Court. In the rear of the apartment building were several garages used by the tenants.

There were two exits from the rear of the apartment house, one used by defendant's building superintendent and one used by the tenants in going from the apartment building to the garages. Plaintiffs leased a five-room apartment and garage from the defendant in 1955 and occupied the apartment up to and after the date of the accident. On February 14, 1958 there was a severe ice and snow storm in Johnson City. The weather for the next four days alternated between snow and freezing. The building superintendent lived on the premises and was performing his duties during the period of February 14 through February 18, 1958, but did not undertake to remove snow and ice from any of the common walkways, and the walkways were slick and dangerous.

Before and during this extreme weather, plaintiff Paul Foxx was seriously ill and was confined to the apartment. Plaintiff Mary Foxx did not leave the apartment building from the time of the first snow on February 14, 1958 until February 18, 1958, the date of the accident, when she found it necessary to go to the grocery for additional food supplies as her husband was on a special diet. Plaintiff knew the condition of the weather and that there was snow and ice on all the common walkways from the apartment. Plaintiff left the apartment building by the normal exit used by the tenants and had taken only two or three steps when she slipped and fell on the ice and snow covered walkway and received the injuries about which she complains.

From this evidence the jury could reasonably conclude that the defendant was negligent in failing to remove a natural accumulation of ice and snow from the common passageway—provided the defendant owed the plaintiff

that duty—and that her negligence was the proximate cause of the accident.

Did the defendant owe the plaintiff the duty to remove the natural accumulation of snow and ice from a common passageway? This exact question has not been presented to our Court in a reported decision. However, the question has arisen in numerous other courts, particularly those in the northeast where the snowfall is heavy. An examination of the cases collected in 25 A. L. R. 1273, 39 A. L. R. 294, 58 A. L. R. 1411, 75 A. L. R. 154, 97 A. L. R. 220, and 26 A. L. R. (2d) 610, discloses that the authorities are about equally divided on the question. The earlier decisions followed the common or Massachusetts rule and reached the conclusion that the landlord did not owe the duty to keep common passageways free from the natural accumulation of snow and ice. Woods v. Naumkeag Steam Cotton Co., 134 Mass. 357; Purcell v. English, 86 Ind. 34; Rosenberg v. Chapman National Bank, 126 Me. 403, 139 A. 82, 58 A. L. R. 1405. The more recent decisions have followed the so-called Connecticut rule and found that the duty of removing the natural accumulation of snow and ice was included in the general duty of the landlord to keep common passageways in good repair and in same condition. Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 39 A. L. R. 287; Robinson v. Belmont Buckingham Holding Co., 94 Colo. 534, 31 P. (2d) 918; Goodman v. Corn Exchange National Bank, 331 Pa. 587, 200 A. 642; Durkin v. Lewitz, 3 Ill. App. (2d) 481, 123 N. E. (2d) 151, 156.

In discussing the difference between the two lines of cases, the Appellate Court of Illinois stated:

"The essential difference between the two lines of cases to be gleaned from a study of the opinions is that in the Massachusetts line, a close adherence to the strict common law conception of the duty of a landlord is followed, and snow and ice are considered temporary obstructions for which a landlord is not held liable, and in those which follow the Connecticut line the obligation of the landlord to use reasonable care with respect to premises used in common is adhered to and the obligation with respect to snow and ice is measured by that duty." Durkin v. Lewitz, supra.

Further, that court in adopting the so-called Connecticut rule quoted, with approval, from the case of Goodman v. Corn Exchange National Bank, supra, as follows:

"It may be stated as a general rule that there is no absolute duty to keep outside steps free from ice and snow at all times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible. It is only when the owner or possessor having a duty to remove snow and ice, improperly permits the accumulation thereof to remain after a reasonable length of time for removal has elapsed, that liability may arise for the unsafe and dangerous condition thereby created."

Tennessee has decisively imposed upon the landlord the duty to exercise reasonable care to keep common passageways in good repair and in a safe condition where

the landlord has leased premises to different tenants and the common approaches and passageways are reserved by the landlord for use in common by the tenants. Woods v. Forest Hill Cemetery, 183, Tenn. 413, 192 S. W. (2d) 987. We see no reason to differentiate between the "ice and snow" situation and other types of defects or dangerous conditions.

"To set apart this particular source of danger is to create a distinction without a sound difference." 1 Tiffany, Landlord and Tenant, p. 633; see also 26 A. L. R. 614.

We are of the opinion therefore, that the general duty of the landlord to keep common passageways in good repair and in a safe condition includes the duty of removing natural accumulations of snow and ice within a reasonable time, and that Tennessee's place is with the states that take the more realistic view of the landlord's responsibility.

Defendant further insists that the plaintiff Mary Foxx was guilty of such contributory negligence as would bar her recovery in using the common passageway when she knew the condition of the weather and could see that the passageway was covered with ice and snow. Plaintiff has a duty to exercise reasonable care for her own safety; Boyce v. Shankman, 40 Tenn. App. 475, 292 S. W. (2d) 229, Hines v. Wilcox, 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824, 832; but we cannot say under these circumstances that the plaintiff was guilty of negligence *per se* in using the common walkway with knowledge of the presence of ice and snow. Oswald v. Jeraj, 146 Ohio 676, 67 N. E. (2d) 779; Reardon v. Shimelman, supra; and cases cited in 26 A. L. R. (2d) 639. Proof shows that

it was necessary for plaintiff to leave the premises; that the common walkway she used was the one normally used by the tenants and was the one closest to the garage; and that all exits were covered with ice and snow. To hold that the mere walking on a snow and ice covered walk is negligence *per se* would, in effect, make these plaintiffs captives in the apartment building. Knowledge of the presence of ice and snow would impose upon the plaintiff the duty of exercising that degree of care commensurate with her knowledge, but would only be a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety. We are of the opinion that in this case the issue of whether of not plaintiff was guilty of contributory negligence under the circumstances was at most an issue of fact to be decided by the jury, and the jury's verdict for the plaintiffs on this issue must be sustained.

Accordingly, all assignments of error are overruled. The judgments below are affirmed, and all costs are adjudged against the defendant.

McAmis, P. J., and Hale, J., concur.