TEE O. BUGGS, Appellant, v. MEMPHIS HOUSING
AUTHORITY, Appellee. —450 S.W.2d 596.

Western Section. November 6, 1969.

Certiorari Denied by Supreme Court February 16, 1970.

Marvin J. Brode, Memphis, for appellant.

Braxton C. Gandy, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, for appellee.

MATHERNE, J.  The plaintiff Mrs. Tee O. Buggs sued the defendant for damages due to personal injury sustained when plaintiff allegedly stepped on a banana peel, slipped and fell on a common stairway of defendant's leased premises.

At the conclusion of plaintiff's proof the defendant moved for a directed verdict which the Trial Judge overruled. The defendant thereupon rested and then renewed

its motion for directed verdict. The Trial Judge reconsidered and sustained the defendant's motion and dismissed the plaintiff's suit. The plaintiff has appealed in error, and by two Assignments of Error insists that the Trial Judge erred in sustaining the motion for a directed verdict.

The facts establish that the defendant owns and operates as landlord an apartment complex in Memphis, Tennessee, known as Dixie Homes. The buildings in this complex are two stories high with apartments rented on each floor. The access to the second story apartments is by a stairway on each side of the building. These stairways go up to a porch on the second floor and this porch extends down the side of the building giving access to each apartment on the second story level. The stairway has a railing on one side and a wall on the other; the steps are of concrete with a metal strip along the outer edge. Leaving the second story porch the stairway descends eight steps to a landing, turns from the landing and descends four more steps to the ground level. The stairway and rails were in good repair and lighting was sufficient at the time of the accident.

Plaintiff is a saleswoman for Avon products. On the occasion of the accident she had called on a Mrs. Mozella Washington in Apartment J of Dixie Homes. This apartment is on the second floor. Plaintiff went up the stairway on the east side of the building, and after being in the apartment awhile she started down the stairway on the west side of the building, slipped and fell down the stairs. After the fall and at the place of fall plaintiff testified that she found on the underside of her right shoe an old, black, dirty banana peel. Plaintiff did not see this object or any other object on the stairway prior to the fall.

She testified she was not particularly looking for anything on the steps; she was telling some other people goodbye, took a step down the stairway steps and fell. Plaintiff stated she tried to catch the railing but could not.

The accident happened on July 5, 1968. Plaintiff testified that she had lived in an upstair apartment in Dixie Homes for about eight years, and that she moved from there in May, 1960. Plaintiff testified that the policy of defendant at that time was to require upstair tenants to keep the upstair porches and the stairways clean. Plaintiff stated that the defendant did not attempt to clean these common passageways with its own employees.

Mrs. Mozella Washington testified that the plaintiff had visited her on that occasion. This witness testified that the defendant did not clean the stairs or the second story porch. She stated that the people who live on the second story do this cleaning. This witness did not see the plaintiff fall but she did go to her immediately after the fall. Mrs. Washington did not see the banana peel on plaintiff's shoe, but she did not look at the shoe. This witness lived on the east side of the building and she testified that she helped keep the stairway on that side of the building clean; and that the upstair tenants on the west side of the building kept the stairway on that side clean. She stated that the defendant had not told her to clean the stairway and she did not understand that the lease with defendant required her to do this cleaning. This witness testified she had never observed the defendant's employees cleaning the stairways. This witness testified that the stairways were kept clean by the tenants.

The defendant offered no proof. The question presented is whether there is any material evidence from

which the jury might infer actionable negligence on the part of the defendant. When a given state of facts is such as reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusion as to whether, under circumstances conceded, the conduct of the defendant was or was not negligent, then the case is for the jury. Hall v. Nash (1947), 184 Tenn. 312, 198 S.W.2d 649; Ford v. Vanderbilt University (1955), 40 Tenn.App. 87, 289 S.W.2d 210; Grizzell v. Foxx (1960), 48 Tenn.App. 462, 348 S.W.2d 815.

The facts establish that the stairway down which the plaintiff fell is a common passageway. The rule in Tennessee is that the landlord has the duty to exercise reasonable care to keep common passageways in good repair and in a safe condition where the landlord has leased premises to different tenants and the common approaches and passageways are reserved by the landlord for use in common by the tenants. Woods v. Forest Hill Cemetery (1946), 183 Tenn. 413, 192 S.W.2d 987.

Considering the facts proven most favorably to the plaintiff, we hold there is material evidence from which the jury could conclude that the cause of plaintiff's fall was the fact she slipped on the banana peel which she testified was on the underside of her shoe after she slipped and fell. The more difficult question for the plaintiff is whether the jury could find from the evidence that the banana peel was on the stairway due to lack of ordinary care on the part of the defendant landlord.

"A landlord is not responsible for injuries resulting from transitory dangers from articles lying or standing

upon the floors of halls or stairways under his control and used in common by different tenants, where the article which results in the injury complained of is not shown to have been in place such a length of time that the landlord should be charged with knowledge of its presence, and hence be held guilty of negligence in not removing it." 32 Am.Jur., Landlord and Tenant sec. 695, p. 572.

■ We hold the rule to be that where the condition which caused the plaintiff's fall on a common passageway stairs was the result of foreign material which had been spilled or left on the stairs, it is necessary, in order to establish the negligence of the landlord in his failure to use ordinary care to maintain the stairs, that the plaintiff show either that the condition which caused the fall is the result of an act of the landlord or his agents, or that the condition had been in existence for a sufficient length of time prior to the injury for the landlord, in the exercise of ordinary care, to find and correct it. See cases annotated at 25 A.L.R.2d p. 429 et seq.; and 26 A.L.R.2d p. 499.

■ The facts in this case fail to establish that the banana peel was placed on the stairway by an employee or agent of the defendant; and there is no proof from which it might be inferred as to how long this object was on the steps, therefore, it cannot be said that this condition existed for a sufficient length of time for the defendant in the exercise of ordinary care to find and remove it. Reasonable minds could reach only one conclusion, namely, the proof failed to establish that the condition which caused plaintiff to fall resulted from any breach of duty owed by the defendant landlord.

It results the Assignments of Error are overruled and the judgment of the Trial Court is affirmed. All cost is adjudged against the plaintiff.

Carney and Taylor, JJ., concur.