# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**May 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

JOHN SIMMONS, )
)
    Plaintiff/Appellant, )
) Montgomery Circuit
VS. ) No. C10-92
)
JAMES RUSSELL, ) Appeal No.
JAMES HOLLEMAN, and ) 01A01-9709-CV-00467
FRANK McGREGOR, )
)
    Defendants/Appellees. )

## APPEAL FROM THE CIRCUIT COURT
## FOR MONTGOMERY COUNTY
## AT CLARKSVILLE, TENNESSEE

## THE HONORABLE JAMES E. WALTON, JUDGE

For Plaintiff/Appellant:

Gregory D. Smith
Clarksville, Tennessee

Thomas R. Meeks
Clarksville, Tennessee

For Defendants/Appellees:

W. Timothy Harvey
Batson Nolan Brice Harvey & Williamson
Clarksville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a tenant who broke his hip by falling down some snow and ice-covered stairs at an apartment complex in Clarksville. The tenant sued the owners of the apartment complex in the Circuit Court for Montgomery County, alleging that they negligently failed to clear the ice and snow from the stairway. The trial court entered a summary judgment for the owners of the apartment complex, and the tenant appealed. We affirm the summary judgment because we have determined that the owners of the apartment complex did not have a duty under the circumstances of this case to remove the snow and ice from the stairway where the tenant fell.

## **I.**

Montgomery County experienced an intermittent snow and ice storm from February 9 through February 11, 1994. The first storm began and receded on February 9, and a second storm began the afternoon of February 10 and continued until the afternoon of February 11. These storms created dangerous icy conditions and caused power outages throughout the county.

John Simmons lived in an apartment at the Cambridge Square Apartments in Clarksville. The apartment was on the second floor of one of the units and was one of seventy-six apartments in the complex. The storm on February 9, 1994 caused Mr. Simmons to lose power in his apartment, and thus he was without heat, lights, or power for cooking. By February 11, 1994, the apartment was, in Mr. Simmons's words, "unbearably cold."

Early on February 11, 1994, Mr. Simmons decided to walk to the grocery store to purchase food. He had not been outside his apartment that day until he left for the grocery store. Upon leaving his apartment, he picked up a small container of rock salt that he found outside his door and began descending the stairs to ground level. He threw some of the salt on a step and then slipped and fell down the stairs, breaking his right hip. He was able to crawl to a first floor apartment to seek help. Even though an ambulance responded to the scene, Mr. Simmons declined to go to the hospital for several days. He was eventually admitted to Clarksville Memorial Hospital on February 13, 1994, and his fracture was repaired on February 14, 1994.

In June 1994, Mr. Simmons sued the owners of the Cambridge Square Apartments. Even though he alleged that "the City of Clarksville [had] endured an ice storm of major proportions," he asserted that the owners of the apartment complex negligently failed to clear the apartment's walkways and stairways of snow and ice. The trial court granted the owners' motion for summary judgment, finding that they had no duty to remove the ice and snow from the steps and no duty to warn of the danger. Mr. Simmons appealed and argues that summary judgment was improper because the defendants assumed the duty to remove the accumulation of ice and snow by placing rock salt outside his door.

## II.

Summary judgments enjoy no presumption of correctness on appeal. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Accordingly, we must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgments are appropriate only when there are no genuine factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, a summary judgment should be granted only when the undisputed facts reasonably support one conclusion -- that the moving party is entitled to a judgment as a matter of law. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d at 26. A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *see Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the inability to prove an essential element of a claim necessarily renders all other facts immaterial. *See Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993);

*Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

### III.

In order to bring a successful negligence action, a plaintiff must establish the following elements: (1) a duty of care owed by the defendant to the plaintiff, (2) conduct falling below the standard of care amounting to a breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) proximate cause. *See McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d at 894; *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). The first element of the claim, duty, is the legal obligation that a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm. *See McCall v. Wilder*, 913 S.W.2d at 153.

Determining whether a defendant owes a duty to a plaintiff is a question of law for the court to decide. *See Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn. 1996); *Bradshaw v. Daniel*, 854 S.W.2d at 869. The existence and scope of the defendant's duty in a particular case rests on all the relevant factual circumstances, including the foreseeability of harm to the plaintiff and other similarly situated persons. The degree of foreseeability necessary to give rise to a duty decreases as the magnitude of the foreseeable harm increases. *See Pittman v. Upjohn Co.*, 890 S.W.2d 425, 433 (Tenn. 1994); *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992).

Persons in control of real property have a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. *See Hudson v. Gaitan*, 675 S.W.2d 699, 703 (Tenn. 1984); *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992). This duty encompasses maintaining the premises in a reasonably safe condition and includes inspecting and either removing or warning of dangerous conditions reasonably recognized by common experience and ordinary prudence. *See Blair v. Campbell*, 924 S.W.2d at 76; *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994); *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992). In order to prevail in a premises liability action, the plaintiff must show that his or her injury was a reasonably foreseeable probability and

that "some action within the [defendant's] power more probably than not would have prevented the injury." *Doe v. Linder Constr. Co.*, 845 S.W.2d at 178.

The Tennessee Supreme Court held recently that the fact that a dangerous condition was open and obvious does not, by itself, prevent a plaintiff from recovering in a premises liability action. *See Coln v. City of Savannah*, ___ S.W.2d ___, ___ (Tenn. 1998).[1] Instead, a defendant's duty with regard to an open and obvious danger must be analyzed in light of the foreseeability and gravity of the harm and the feasibility and availability of measures that could have prevented it. *See Coln v. City of Savannah*, ___ S.W.2d at ___.[2] If the court finds that a duty existed, then the surrounding circumstances are analyzed under the principles of comparative fault. *See Coln v. City of Savannah*, ___ S.W.2d at ___.[3]

## IV.

A landlord has a duty to remove natural accumulations of ice and snow from common areas within a reasonable amount of time. *See Grizzell v. Foxx*, 48 Tenn. App. 462, 468, 348 S.W.2d 815, 817 (1960). Quoting with approval from *Goodman v. Corn Exchange National Bank*, 200 A. 642, 643 (Pa. 1938), the *Grizzell* court held that a landlord did not owe a duty to remove snow and ice when the precipitation is recent or continuous. The accumulation of ice and snow is one of "the normal hazards of life" for which no owner or occupier of the premises can be held liable. Liability will be imposed only when the person in control of the premises allows the snow and ice to remain beyond a reasonable amount of time. *See Grizzell v. Foxx*, 48 Tenn. App. at 467-68, 348 S.W.2d at 817. When considering imposing liability for an accumulation of ice and snow, reasonable care depends on, among other things, (1) the length of time the accumulation has been present, (2) the amount of the accumulation, (3) whether the accumulation could be, as a practical matter, removed, (4) the cost of removal, and (5) the foreseeability of injury. *See Mumford v. Thomas*, 603 S.W.2d 154, 156 (Tenn Ct. App. 1980).

---

[1]*See Coln v. City of Savannah*, No. 02-S-01-9702-CV-00008, 1998 WL 139096, at *9 (Tenn. Mar. 30, 1998) (For Publication).

[2]*See Coln v. City of Savannah*, 1998 WL 139096, at *9.

[3]*See Coln v. City of Savannah*, 1998 WL 139096, at *9.

Because the accumulation of frozen precipitation in this case was both recent and continuous, we find that the defendants did not have a duty to remove the ice and snow from the steps. Mr. Simmons's accident occurred right in the middle of approximately twelve hours of falling ice and snow. This is not a case in which a landlord improperly allowed an accumulation to remain after a reasonable length of time had passed for removal. It would not be feasible or fair to impose a duty on a landlord to continuously remove ice and snow in the middle of an ongoing winter storm.

## V.

Mr. Simmons also argues that the owners of the Cambridge Square Apartments assumed the duty of clearing the stairs because they placed a small container of rock salt outside his door. While a party may assume a duty of care by undertaking a course of action, *see Gorman v. Earhart*, 876 S.W.2d 832, 836 (Tenn. 1994); *Nidiffer v. Clinchfield R. Co.*, 600 S.W.2d 242, 246 (Tenn. Ct. App. 1980), Mr. Simmons has not set forth sufficient facts to establish that the owners assumed the duty of removing ice and snow from the stairs during the winter storm.

Mr. Simmons's affidavit opposing the summary judgment motion states that he discovered a small container of rock salt beside his door when he left his apartment on February 11, 1994. He also states that the container must have been placed there by the owners of the apartment complex because he observed similar small containers outside the doors of each apartment. Accordingly, he concludes that someone representing the owners had been able to negotiate the stairway where he fell and, therefore, must have known about the dangerous condition of the steps. Even if we were to take these facts as true, they are not sufficient to impose a duty on the owners of the apartment complex to remove the snow and ice on the apartment stairway.

The owners of the apartment complex were not undertaking to make the premises safe when they placed small containers of rock salt outside their tenants' doors. Rather, as an accommodation, they were providing their tenants with the means to make the premises safe once the precipitation stopped and the temperature warmed sufficiently to enable the rock salt to accelerate melting the snow and ice.

The tenants had the responsibility to determine when and how to use the rock salt. The undisputed facts indicate that Mr. Simmons decided to sprinkle some of the rock salt as he was descending the stairway rather than to steady himself by holding on to the handrail.

There is no evidence in the record that the owners of the apartment complex had started removing the accumulated snow and ice when Mr. Simmons fell on the stairway. Thus, they had not voluntarily assumed the responsibility to make the walkways and stairways safe for their tenants. Under the undisputed facts, the trial court correctly determined as a matter of law that the owners of the apartment complex had not assumed a duty to Mr. Simmons or the other tenants to clear the walkways and stairways of snow and ice.

## VI.

We affirm the summary judgment and remand the case to the trial court for whatever additional proceedings may be required. We also tax the costs of this appeal to John Simmons and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WALTER W. BUSSART, JUDGE