IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 2004 Session

## JOANN WILSON v. GABLES-TENNESSEE PROPERTIES, LLC, GABLES RESIDENTIAL SERVICES, INC., AND TURFMASTER, INC.

An Appeal from the Circuit Court for Shelby County
No. CT-007550-01     Rita L. Stotts, Judge

No. W2003-02412-COA-R3-CV - Filed December 8, 2004

This case involves premises liability. At her apartment complex, the plaintiff tripped and fell on the metal edging of a limestone gravel walkway and sustained injuries to her elbow. The plaintiff sued the owner of the apartment complex, alleging premises liability, and also sued the company that put in the metal landscape edging. The defendants filed a motion for summary judgment. The motion was granted. We affirm, finding that the plaintiff did not establish that defendants violated the duty of reasonable care.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

William M. Monroe, Memphis, for plaintiff Joann Wilson.

Joseph K. Willcox, Memphis, for appellees Gables-Tennessee Properties, LLC and Gables Residential Services, Inc.

Reid R. Phillips and John C. Murrow, Memphis, for appellee Turfmaster, Inc.

### OPINION

Plaintiff/appellant Joann Wilson ("Wilson") was a tenant in the Gables Cordova apartment complex. Defendant/appellee Gables-Tennessee Properties, L.L.C. owned the property and defendant/appellee Gables Residential Services (hereinafter collectively "Gables"), managed the property. The apartment complex had a trash compactor, for tenants to use to dispose of their trash. A circular driveway was in front of the compactor, with a sixteen foot concrete sidewalk leading from the driveway to the compactor. The sidewalk was wide at its base, eight feet, and narrowing closer to the compactor. In March of 2000, Gables hired defendant/appellee Turfmaster, Inc. ("Turfmaster") to install a limestone gravel walkway leading to the trash compactor, adjacent to the concrete sidewalk, for maintenance personnel to access the compactor. The line between the

limestone gravel walkway and the adjacent grass and landscaping was bordered by metal landscaping edging, which was used to keep the limestone gravel on the limestone walkway and out of the grass and landscaping. Turfmaster was also responsible for maintaining the apartment complex grounds. Wilson moved into the apartment complex in September 2000, and was aware of the metal landscape edging bordering the limestone walkway.

On January 13, 2003, Wilson drove her car to the circular driveway in front of the trash compactor to dispose of two bags of trash. Another tenant, disposing of trash, had parked his car in the circular driveway in front of Wilson's car, partially blocking the entrance to the sidewalk. Consequently, Wilson decided to carry her trash over the landscaped grass to reach the limestone gravel walkway. While crossing from the grass to the edge of the limestone gravel walkway, Wilson tripped on the top of the metal landscape edging. Wilson alleged that the top edge had been bent and was hidden by grass. Wilson fell onto the limestone gravel walkway, resulting in an injury to her elbow that required several surgeries to repair.

On December 8, 2001, Wilson filed suit against Gables, alleging negligence in failing to take reasonable measures to insure the safety of individuals lawfully on Gables premises. An amended complaint was later filed, adding Turfmaster as a defendant. Both Gables and Turfmaster filed motions for summary judgment.

The trial court judge granted summary judgment to Turfmaster on September 11, 2003 and granted summary judgment to Gables on September 16, 2003, holding that Gables and Turfmaster had no duty to Wilson. From these orders, Wilson now appeals.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

On appeal, Wilson asserts that the strip of grass and landscaping next to the limestone gravel walkway is a common area and that Gables and Turfmaster had a duty to ensure that the common areas of the apartment complex are maintained in a manner that would protect Wilson from dangerous conditions.

Wilson cites to *Grizzell v. Foxx*, 348 S.W.2d 815 (Tenn. 1960) in support of her argument. In *Grizzell*, the plaintiff recovered damages from her landlord after she slipped and fell on a snow covered sidewalk that led from her building to the parking lot. *Id.* at 816. The plaintiff was forced to use a snow covered sidewalk because all sidewalks leading out of the apartment complex were covered in snow. *Id.* at 818. On appeal, this Court held that a landlord had a "duty to exercise

reasonable care to keep common passageways in good repair and in a safe condition." **Id.** at 817. The *Grizzell* court went on to note that this duty included the obligation to remove accumulations of snow and ice within a reasonable time. **Id.** at 817. Since the ice and snow had been on the sidewalks for four days, and all of the exits available to the plaintiff were covered with ice and snow, and it was necessary for the plaintiff to leave her apartment to get food for her ill husband, the court found that the trial court did not err in holding the landlord liable. **Id.** at 816-818.

While the plaintiff in *Grizzell* had no choice but to use the ice-covered sidewalk, in this case, Wilson had the option of using the wide concrete sidewalk provided for access to the trash compactor. Wilson acknowledged that she could have used the sidewalk to reach the trash compactor, but chose not to:

Q. All right. Then you proceeded towards the dumpster; right?
A. Yes.
Q. Was there anything to prevent you from walking up the concrete walkway?
A. No.
Q. You, though, elected to walk across the grass?
A. Yes.

The issue of the defendants' duty to Wilson hinges on the foreseeability of harm to someone in the plaintiff's position. In *Miller v. Mt. Laurel Chalets, Inc.*, 88 S.W.3d 927 (Tenn. Ct. App. 2002), *perm. app. denied* (Tenn. 2002), the plaintiff sued the owner of rental property. The plaintiff had rented a chalet in Gatlinburg for several nights. **Id.** at 927. On several occasions, she had gotten out of bed at night and gone to the bathroom, which was located next to the door leading to a flight of stairs down to the basement. **Id.** at 928. She had also been down to the basement several times. **Id.** On the night in question, the plaintiff got out of bed to go to the bathroom, and did not turn on a light. **Id.** By mistake, the plaintiff opened the door to the basement and stepped forward, falling down the staircase leading to the basement. **Id.** The plaintiff alleged that defendants knew or should have known of the dangerous condition of the premises and failed to warn her of the dangerous condition. **Id.** The trial court granted summary judgment to the defendant. This Court upheld the grant of summary judgment, holding that the landlord could not reasonably foresee that the plaintiff, who had used the bathroom at night a number of times and had visited the basement several times as well, would get out of bed in darkness, cross a hallway and step into the stairwell. **Id.** at 930. Because the landlord could not have reasonably foreseen this conduct, the landlord did not have a duty to the plaintiff. **Id.** 930-931.

In this case, as in *Miller*, the plaintiff had full knowledge of the alleged hazard. She had lived in the apartment complex for over two years, had brought trash to the compactor on numerous occasions, and knew of the metal landscape edging bordering the limestone gravel walkway.

Wilson asserts that her accident was foreseeable because Gables knew that tenants sometimes cut across the grass strip to reach the limestone gravel walkway. In deposition testimony, Gables'

property manager admitted knowledge that tenants sometimes walked across the grass strip. However, there was no evidence of any prior accidents related to the metal landscape edging.

In this case, the foreseeability of a tenant walking across the grass is not the same as the foreseeability of a tenant tripping on the landscape edging. The issue of duty turns on the foreseeability of harm. *Ball v. G.W. Hubbard Hospital of Meharry Medical College*, No. 01-A-01-9508-CV-00384, 1996 WL 165096, \*4 (Tenn. Ct. App. April 10, 1996). Therefore, we must agree with the trial court that Wilson failed to present evidence from which we could conclude that it was foreseeable to Gables and Turfmaster that a tenant would trip and fall over a known obstacle. Moreover, there is no indication that the metal landscape edging is inherently dangerous. In *Ball v. G.W. Hubbard Hospital of Meharry Medical College*, 1996 WL 165096 (Tenn. Ct. App. April 10, 1996), the plaintiff fell on an unmarked step in the defendant's parking garage. The *Ball* Court found that there was nothing in the record to establish that the premises were dangerous or defective; therefore, the defendant had no duty to protect the plaintiff from the condition that caused her accident. *Id.* at \*4. Consequently, the trial court's grant of summary judgment in favor of the defendant was affirmed. *Id.*

Wilson further asserts that the metal landscape edging was bent. After the accident, Turfmaster inspected the area of Wilson's fall and agreed that the edging was slightly bent. However, there is no evidence in the record indicating that the bend in the landscape metal edging contributed to Wilson's fall or caused it to be dangerous.

Under Wilson's analysis, a landlord would be liable for injuries related to all potential obstacles located in a common area, of which the tenant was aware, and in the absence of evidence of any prior harm caused by the potential obstacle. This Court has clearly stated that a property owner is not an insurer of those who enter its facilities "nor will be held liable for injuries sustained from dangers that are obvious [or] reasonably apparent . . ." *Paradiso v. Kroger Company*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973); *Byrd v. State*, 905 S.W.2d 195 (Tenn. Ct. App. 1995).

Wilson seeks to distinguish caselaw based on premises liability from caselaw based on landlord/tenant liability. In this situation, however, this is a distinction without a difference, because the duty of both a landowner and landlord is to exercise reasonable care. *Compare Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App. 1999) ("the premises owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises . . .") *with Grizzell v. Foxx*, 348 S.W.2d 815, 817 (Tenn. 1960) ("Tennessee has decisively imposed upon the landlord a duty to exercise reasonable care to keep common passageways in good repair . . ."). Under all of these circumstances, we must conclude that the trial court did not err in granting summary judgment in favor of the defendants Gables and Turfmaster.

The judgment of the trial court is affirmed. Costs of the appeal are taxed to plaintiff/appellant Joann Wilson, and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE