# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 8, 2020 Session

## GEORGE E. CHITTENDEN, ET AL. v. BRE/LQ PROPERTIES, LLC

**Appeal from the Circuit Court for Davidson County**
No. 18C2596        Kelvin D. Jones, Judge
_____

### No. M2019-01990-COA-R3-CV
_____

This is a premises liability action arising from an injury suffered by a guest who slipped on ice in the parking lot of a hotel. The plaintiffs appeal the trial court's grant of summary judgment to the defendant. Upon a thorough review of the record, we conclude that there is no dispute of material fact and that summary judgment in favor of the defendant was properly granted; accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Joe R. Judkins and Troy Bryant, Oak Ridge, Tennessee, for the appellants, George E. Chittenden and Lea Chittenden.

James R. Embrey, Jr. and Y. Larry Cheng, Nashville, Tennessee, for the appellee, BRE/LQ Properties, LLC.

## MEMORANDUM OPINION[1]

George Chittenden of Anderson County was injured on January 16, 2018, when he slipped and fell in the parking lot of a La Quinta Inn and Suites in Nashville. He and a friend had arrived at the hotel during a snowfall that had blanketed the parking lot in

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

approximately two inches of snow. He and his friend checked in, went to their room, and walked out of the hotel ten to fifteen minutes later; at that point Mr. Chittenden fell and was injured, requiring transport by ambulance to the hospital for treatment. Mr. Chittenden and his wife subsequently filed an action against BRE/LQ Properties, LLC, doing business as La Quinta Inn and Suites, asserting negligence and premises liability claims based on the failure to monitor icy conditions and in recklessly allowing ice to accumulate on its property, resulting in serious injuries. He sought $500,000 in damages, and his wife sought $200,000 in damages for impairment of the marital relationship. In due course, La Quinta filed a motion for summary judgment; following a hearing, the trial court granted the motion. The Chittendens have appealed, stating the following issues:

1. Whether the trial court erred in granting summary judgment and dismissing Plaintiffs' complaint with prejudice without addressing all alleged claims, and more specifically, by failing to address and rule on the Defendant's failure to warn of a dangerous condition.

2. Whether the trial court erred in granting the Defendant's summary judgment motion and dismissing Plaintiff's complaint with prejudice by failing to follow appropriate legal precedent.

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.[2] We review a trial court's ruling

---

[2] In *Rye v. Women's Care Ctr. of Memphis, MPLLC*, our Supreme Court set forth the following procedure for the trial court to follow in considering such a motion:

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. . . .

on a motion for summary judgment *de novo*, without a presumption of correctness. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

In the order granting summary judgment, the court made the following findings that counsel for the Chittendens acknowledged at argument were uncontested: (1) there were approximately two inches of snow on the ground when Mr. Chittenden arrived at and entered La Quinta Inn; (2) when Mr. Chittenden entered the hotel, snow was still falling; and (3) Mr. Chittenden left the hotel and was injured when he fell in the parking lot approximately ten to fifteen minutes after entering the hotel. Indeed, counsel stated that "it is our position that all of the material facts are agreed."

A property owner "has the duty to use reasonable care to protect persons on its property from unreasonable risks of harm[,] . . . includ[ing] maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping persons avoid injury by warning them of conditions that cannot, as a practical matter, be removed or repaired." *Bowman v. State*, 206 S.W.3d 467, 473 (Tenn. Ct. App. 2006). "[P]roperty owners are not required to keep their premises free of natural accumulations of snow and ice at all times [but rather] . . . they are expected to take reasonable steps to remove snow and ice within a reasonable time after it has formed or accumulated." *Id.*

The Chittendens argue the trial court erred in relying on *Bowman v. State;* in their brief they state that *Bowman* is an incorrect standard because in that case the snow was ongoing, but that in the present case the storm cannot be characterized as "ongoing" because the snow subsided twenty to thirty minutes after Mr. Chittenden's fall. This argument is without merit. It is undisputed that it was snowing during Mr. Chittenden's fall. The fact that the snow did not subside for another twenty to thirty minutes makes the snow "ongoing" by definition.

The Chittendens further argue that, even if La Quinta did not have a duty to remove the naturally accumulated snow on its parking lot and entrance while the snow was still falling, it had a duty to warn the public of the existence of ice in the parking lot. This argument was raised in a case presenting similar facts, with this Court holding:

> While a landowner will not be relieved of its duty to exercise reasonable
> care to protect invitees from injury simply because a dangerous condition is
> open and obvious, *Coln v. City of Savannah*, 966 S.W.2d [34,] at 43 [(Tenn.

---

477 S.W.3d 235, 264-65 (Tenn. 2015).

1998) *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642 (Tenn. 2000)], the openness and obviousness of an allegedly dangerous condition is a factor for the court to consider when determining the existence and scope of the landowner's duty. The duty issue must be analyzed with regard to the foreseeability and gravity of the harm and the feasibility and availability of alternative conduct that would have prevented the harm. *West v. East Tenn. Pioneer Oil Co.*, 172 S.W.3d [545,] at 551 [(Tenn. 2005)]; *Coln v. City of Savannah*, 966 S.W.2d at 43; *Friedenstab v. Short*, 174 S.W.3d 217, 223–24 (Tenn. Ct. App. 2004).

*Clifford v. Crye-Leike Commercial, Inc.*, 213 S.W.3d 849, 854 (Tenn. Ct. App. 2006). In *Clifford,* this Court held that the defendant did not act unreasonably when it decided not to begin its efforts to remove the accumulated snow or to survey its property for abnormally dangerous conditions until the weather subsided, given the obvious nature of the snow accumulation. Likewise, the undisputed facts in this case lead us to conclude that that it was reasonable for La Quinta to wait until the snow subsided to examine the property in order to take measures to remedy or warn of dangerous conditions.

Finally, the Chittendens argue that, even if La Quinta did not have the duty as articulated in *Bowman,* La Quinta assumed a duty by spreading ice melt on the parking lot, and failed to exercise that duty reasonably. They cite no authority for the proposition that ordinary maintenance of a property imposes a special duty on a landowner beyond that imposed by premises liability law, and we have been unable to find such authority. Furthermore, there is no proof in the record from which to hold that La Quinta's actions were unreasonable.[3]

In light of the undisputed facts, the Chittendens cannot establish that La Quinta breached its duty, and the trial court correctly concluded that summary judgment was warranted; the grant of summary judgment is affirmed.

RICHARD H. DINKINS, JUDGE

---

[3] When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, in order to survive summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. *Rye*, 477 S.W.3d at 265.